Lonnie NORTH, Appellant,

v.

C. B. RUSSELL and Nathaniel "Trap"
Helton, Harlan County
Jailer, Appellees.

Court of Appeals of Kentucky.

March 21, 1975.

Probable Jurisdiction Noted June 23, 1975.
See 95 S.Ct. 2652.

Eugene Goss, Eugene E. Goss, Harlan,
Dean Hill Rivkin, Lexington, for appellant.

Ed W. Hancock, Atty. Gen., Kenneth A.
Howe, Jr., Asst. Deputy Atty. Gen., Frank-
fort, Wix Unthank, Commonwealth's Atty.,
Harlan, for appellees.

PALMORE, Justice.

This proceeding began with a petition for
habeas corpus filed in the Harlan Circuit
Court by the appellant, Lonnie North,
against the appellees, C. B. Russell, police
judge of the City of Lynch, and Nathaniel
"Trap" Helton, jailer of Harlan County.
North alleged that he was being detained in
the county jail pursuant to a judgment of
the police court finding him guilty of drunk
driving[1] and fixing his punishment at 30
days in jail and a fine of $150.[2] Entitle-
ment to relief by way of habeas corpus was
asserted on the theory that because the
statute prescribing the qualifications of po-
lice judges in fifth and sixth-class cities[3] do
not require any legal training or knowl-
edge, and because Judge Russell is a "lay"
judge, unlearned in the law, the action or
judgment by which North was committed
to jail violated his rights of due process and
equal protection of the laws under the 14th
Amendment and was void.

1. KRS 189.520.

2. KRS 189.990(10)(a).

3. KRS 26.200.

Though sympathetic to North's constitutional argument, the trial court relied upon *Ditty v. Hampton*, Ky., 490 S.W.2d 772 (1973), in denying relief, and the judgment was affirmed by this court in *North v. Russell*, Ky., 516 S.W.2d 103 (1974). North then appealed to the United States Supreme Court.

In response to a jurisdictional statement and brief filed in the Supreme Court by North the Attorney-General of Kentucky filed a motion to dismiss or affirm in which the following footnote appeared:

"The uncontested facts of this case establish that appellant requested but was denied a jury trial. Under Kentucky law he was entitled to the jury trial he requested. KRS 26.400(4). Further it appears that Judge Russell mistakenly imposed a sentence of imprisonment upon appellant for a first offense of driving while intoxicated, whereas imprisonment is not an authorized punishment for first offenders but can be imposed only upon commission of a subsequent offense. KRS 189.990(10)(a). Accordingly appellee must concede that appellant should have been granted the writ of habeas corpus for which he filed. However, appellant has never requested that a Kentucky court grant him relief to which he is entitled under Kentucky law, but has on the contrary consistently demanded that he be granted a writ of habeas corpus on the ground that the Kentucky police court system is in violation of the U.S. Constitution. It is appellee's position that even should this Court note probable jurisdiction over the constitutional issues which appellant raises, it should nonetheless refrain from deciding the federal questions involved in this case and remand the case to the Kentucky Court of Appeals for that Court's consideration of whether or not appellant should be granted a writ of habeas corpus solely upon the basis of violations of Kentucky law which occurred in the course of

appellant's trial before the Lynch Police Court." [4]

On the basis of this footnote the Supreme Court has vacated our judgment in *North v. Russell*, supra, and remanded the case "for further consideration in light of the position presently asserted by the Commonwealth," to the utter consternation of the appellant, who of course is interested only in the constitutional issue and vigorously contests the suggestion that he be granted relief on another and less spectacular ground. The result is that we find ourselves performing an unwilling and not altogether felicitous role in a judicial fan dance.

■ Appellate courts have more to do than deal with errors of which appealing parties make no complaint. It is elementary that errors of which an aggrieved party is perfectly well aware but which he chooses not to bring to the attention of the court are waived. The blunt fact is that this appellant wants only to test the constitutional status of lay judges in criminal cases, whereas the Attorney-General has no appetite for that particular field of battle.

We fully appreciate the absurdity of having a lawsuit—any lawsuit—presided over in this day and age by a person without legal training or experience. Nevertheless, it was our conclusion in *Ditty v. Hampton*, Ky., 490 S.W.2d 772 (1973), that the federal constitution does not deny the people the right to have it that way if they so desire. Moreover, when this habeas corpus proceeding began and when it was decided in this court there was still time in which the appellant could have secured a trial *de novo* in the Harlan Circuit Court by the simple expedient of an appeal from the judgment of the Lynch Police Court. KRS 23.032; RCr 12.02–12.06, incl. Cf. *Colten v. Kentucky*, 407 U.S. 104, 112, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972).

■ The constitutional issue was and is the only issue before us, and we have decid-

4. Since there is no official record of the proceedings in the Lynch Police Court, the Attorney General's understanding that the alleged offense was the appellant's first appears to be an assumption. It is neither alleged nor conceded to be a fact.

ed it adversely to the appellant. So again, the judgment is affirmed.

·All concur.